# In the United States Court of Federal Claims

No. 17-957C

(Filed: September 5, 2017)

**(NOT TO BE PUBLISHED)**

| | |
|---|---|
| **DOUG OMMEN, in his capacity as Liquidator of CoOportunity Health, Inc., and DAN WATKINS, in his capacity as Special Deputy Liquidator of CoOportunity Health, Inc.,** | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| **UNITED STATES,** | ) ) |
| Defendant. | ) ) ) |

   Douglas J. Schmidt, Husch Blackwell LLP, Kansas City, Missouri, for plaintiffs.  With him on the briefs were Kristen A. Byrd, Derek T. Teeter, and Michael T. Raupp, Husch Blackwell LLP, Kansas City, Missouri.

   Frances M. McLaughlin, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C., for defendant.  With her on the briefs were Chad Readler, Acting Assistant Attorney General, Civil Division, Ruth A. Harvey, Director, and Kirk T. Manhardt, Deputy Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, D.C.

**ORDER**

   In this risk corridor case, pending before the court is defendant's Motion to Stay Proceedings, or in the Alternative, for an Enlargement of Time to Respond to the Complaint ("Def.'s Mot. to Stay"), ECF No. 6, filed August 10. 2017.  Plaintiffs have responded, *see* Pls.' Opp'n to Def.'s Mot. to Stay ("Pls.' Opp'n"), ECF No. 7, and have concurrently filed a motion for partial summary judgment, *see* Pls.' Mot. for Partial Summary Judgment ("Pls.' Mot."), ECF No. 8.  With the submission by defendant of a Reply in Support of Mot. to Stay Proceedings ("Def.'s Reply"), ECF. No. 11, the motion to stay has been fully briefed and is ready for disposition.

**BACKGROUND**

   This case does not fully follow the pattern established in the 30 other risk-corridor cases that have been filed thus far in this court.  CoOportunity Health, Inc. ("CoOportunity"), was a

non-profit "Co-Op" entity created pursuant to the Affordable Care Act ("ACA") to provide health insurance beginning in 2014 for residents of Iowa and Nebraska. It rapidly experienced greater claims than anticipated and became unable to meet its obligations. On January 29, 2015, the Iowa Insurance Commissioner filed a petition for liquidation of CoOportunity in the Iowa District Court for Polk County, which court entered a Final Order of Liquidation on March 2, 2015. *See State of Iowa ex rel. Gerhart v. CoOportunity Health*, No. EQCE077579 (Iowa Dist. Ct. Polk Co., Mar. 2, 2015) (Final Order of Liquidation).

Thereafter, the Liquidator and Special Deputy Liquidator filed suit in the United States District Court for the Southern District of Iowa against the United States Department of Health and Human Services ("HHS") and the Centers for Medicare and Medcaid Servicing, challenging offsets that HHS had imposed against funds payable under the risk corridor program and related programs. *See Gerhart v. United States Dept. of Health & Human Services*, No. 4:16-CV-151 (S.D. Iowa.).[1] The government resisted, contending that the Liquidators' claims amounted to demands for monetary damages that could only be litigated in this court. The district court agreed with the government and dismissed the case in March 2017, ruling that only this court had jurisdiction over the Liquidators' claims. *Id*.

The Liquidators first filed suit in this court on May 30, 2017, but they had filed an appeal of the district court's ruling with the Court of Appeals for the Eighth Circuit, and that appeal was still pending when the Liquidators filed their suit in this court. Belatedly recognizing the jurisdictional problem created by 28 U.S.C. § 1500, which bars suit in this court where comparable claims against the United States are pending in other courts, the Liquidators dismissed their Eighth Circuit appeal and the initial suit in this court, and then filed a fresh complaint in this court on July 17, 2017.

The renewed complaint in this court alleges claims based on the government's failure to pay all amounts said to be due under the risk corridor provisions of the ACA, 42 U.S.C. § 18062. The Liquidators have also alleged claims based on HHS's allegedly improper setoff of funds and HHS's alleged use of an arbitrary risk adjustment formula. *See* Compl. at 34-41, 43. Those latter claims mirror those the Liquidators had asserted in their earlier suit in the district court.

At this juncture, the Liquidators concede that their risk corridor claim should be stayed until the Court of Appeals for the Federal Circuit rules in the pending appeals in *Land of Lincoln Mut. Health Ins. Co. v. United States*, 129 Fed. Cl. 81 (2016), *appeal pending*, No. 17-1224 (Fed. Cir.), *and Moda Health Plan, Inc. v. United States*, 130 Fed. Cl. 436 (2017), *appeal pending*, No. 17-1994 (Fed. Cir.). Nonetheless, the Liquidators contend that their other claims involving setoff and HHS's risk adjustment formula should proceed to disposition now, and, to that end, they have filed a motion for partial summary judgment. *See* Pls.' Opp'n at 5-10. The government avers that both of the Liquidators' other claims are interwoven with the Liquidators' risk-corridor claim and that "the Liquidators' entitlement to judgment (if any) cannot be resolved independent of the disposition of the [risk corridor] issues on appeal." Def.'s Reply at 2.

---

[1]The Liquidators also contested HHS' application of a risk adjustment formula to CoOportunity's insurance experience. *See* Pls.' Mot. for Partial Summary Judgment at 5 n.4.

## STANDARDS FOR DECISION

The court's authority to issue a stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936). In addressing a request for a stay, the court must take account of its "paramount obligation to exercise jurisdiction timely in cases properly before it." *Cherokee Nation v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997). Additionally, the court must "identify a pressing need for the stay," and "balance interests favoring a stay against interests frustrated by the action." *Id*.

## ANALYSIS

In seeking a stay, the government emphasizes that the Liquidators' claims are dependent upon the Federal Circuit's disposition of the appeals pending in the *Land of Lincoln* and *Moda Health* cases. Def.'s Mot. to Stay at 9-10. The government specifically contends that the Liquidators' setoff claim is bound up in the risk-corridor claim, that through setoff HHS has "paid" the amounts temporarily withheld from CoOportunity, and that "HHS is not now 'holding' any funds payable to CoOportunity." Def.'s Reply at 3. And, although the government concedes that "the core question of the risk adjustment methodology may be discrete from the risk corridors issues," Def.'s Reply at 4, the government nonetheless avers that "risk adjustment changes and payments are elements of the risk corridors formula," *id*. at 5.

The Liquidators resist these premises, arguing that their offset and risk adjustment claims have nothing to do with *Land of Lincoln* or *Moda Health*. Pls.' Opp'n at 1. They contend that HHS "invented an 'administrative hold' to avoid paying funds indisputably owed to CoOportunity so it could set them off at a later date." *Id*. And, they assert that "[t]he risk adjustment component of the ACA's '3Rs' is entirely separate from risk corridors." *Id*.

The matter of a setoff raises a potential conflict between state and federal law. The Final Order of Liquidation entered by the Iowa District Court on March 2, 2015 expressly barred any setoffs:

> *No* lender, bank, savings and loan association, other *institution* (*including any* State or *Federal governmental entity*), person or other entity *shall exercise any form of set-off*, alleged set-off, lien, any form of self-help whatsoever or refuse to transfer any funds or assets to the Liquidator's or Special Deputy's control without further order of this Court.

Final Order of Liquidation ¶ 45 (emphasis added). The chief amount that HHS put on temporary hold and then set off against CoOportunity's indebtedness to HHS was the partial payment due CoOportunity under the risk corridor program. See Pls.' Opp'n at 2 ("CoOportunity's wrongful hold/set-off claims implicate HHS's wrongful setoff of CoOportunity's *pro rata* share of risk corridors funds–some $16 million–that the [g]overnment itself concedes was payable under risk corridors and which it paid to other insurers."). Thus the setoff claim concerns risk corridor payments, albeit with a different legal basis than the risk corridor claim itself. And, the setoff claim in effect does not stand alone but rather is a component of the risk corridor claim.

Similarly, the risk adjustment claim has a foundation separate from, but related to, the risk-corridor claim.  The government summarizes the Liquidators' risk adjustment claim in the following terms: "plaintiffs allege that HHS's assessment of risk assessment charges of $22.5 million against CoOportunity was too high and it was improper for HHS to recover risk adjustment charges through setoff."  Def.'s Reply at 4.  The government concedes that "the core question of the risk adjustment methodology may be discrete from the risk corridors issues," *id*. at 4, but it contends that "risk adjustment charges and payments are elements of the risk corridors formula," *id*. at 5.  The Liquidators do not contest this characterization, but they emphasize that "HHS's risk adjustment formula . . . failed to account for the situation where an insurer went out of business less than a quarter into the year . . . [and] was arbitrary and capricious in its design."  Pls.' Opp'n at 6.

The Liquidators' chief argument against entry of a complete stay, however, is that CoOportunity is in liquidation and it would be helpful to the ultimate resolution of the case if progress could be made now on the setoff and risk adjustment issues.  Pls.' Opp'n at 7.  The Liquidators also contend that a complete stay would be uncertain in length, given that the *Land of Lincoln* and *Moda Health* cases have not yet been scheduled for argument before the Federal Circuit and that some time presumably will be required before the court of appeals renders its post-argument decision.  Pls.' Opp'n at 7-9.

The court considers that a stay pending decision by the court of appeals in *Land of Lincoln* and *Moda Health* would not be indefinite but would have a specific end point.  Moreover, although the setoff and risk adjustment issues that the Liquidators wish to pursue now can be stated independently from the underlying risk corridor claim, those issues are nonetheless related to the risk corridor claim and would benefit by resolution of that claim.  Notably also, any decision on the setoff and risk adjustment issues would not lead to a separately stated judgment that could be entered under Rule 54(b) of the Rules of the Court of Federal Claims, but instead any judgment would have to await decision on the risk corridor issues.  In these circumstances, the court finds that a stay of proceedings should be entered in this case to await a decision by the court of appeals in the *Land of Lincoln* and *Moda Health* cases.

## CONCLUSION

For the reasons stated, the government's motion to stay is GRANTED, and proceedings in this case shall be STAYED pending a decision by the Federal Circuit in the *Land of Lincoln* and *Moda Health* cases.[2]  The parties are requested to file a joint status report within ten business days after a decision by the court of appeals is rendered in those cases.

It is so ORDERED.

s/ Charles F. Lettow
Charles F. Lettow
Judge

---

[2] Briefing on, and consideration of, the Liquidator's motion for partial summary judgment shall be stayed along with the other proceedings in this case.